UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



CV 12-4324

-------------------------------------------------------------------- x

VLAD RUBANOV, VADIM KALONTAROV and
YURIY KALANTAROV,

                              PLAINTIFFS,

**COMPLAINT**

**ECF CASE**

ROSS

ORENSTEIN, M.J.

-AGAINST-

NEW YORK CITY, POLICE OFFICER JOHN DOE 1 and
POLICE OFFICER JOHN DOE 2, individually, and in
their capacity as members of the New York City Police
Department,

                              DEFENDANTS.

-------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiffs seek relief for the violation of their rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about June 12, 2012, in which officers of the New York City Police Department ("NYPD") acting under color of state law, intentionally and willfully subjected plaintiffs to false arrest.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, and an award of costs and attorneys' fees and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Mr. Vlad Rubanov ("Mr. Rubanov") is married with a family and at all times here relevant resided at 6584 Booth Street, Apartment 3A, Rego Park, Queens, NY 11374.

7. Plaintiff Mr. Vadim Kalontarov ("Mr. Kalontarov") is married with a family and at all times here relevant resided at 123-25 82nd Avenue, Kew Gardens, Queens, NY 11415.

8. Plaintiff Mr. Yuriy Kalantarov ("Mr. Kalantarov") is married with a family and at all times here relevant resided at 98-29 65th Avenue, Rego Park, Queens, NY 11374.

9. New York City is a municipal corporation organized under the laws of the State of New York.

10. Police Officer John Doe 1 ("PO John Doe 1") and Police Officer John Doe 2 ("PO John Doe 2") are sued in their individual and professional capacities.

11. At all times mentioned, defendants was acting under color of state law, under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

12. Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov are acquaintances with Tony and Leo.

13. In or about June, 2012, Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov agreed to assist in relocating Tony and Leo's office, which was inside the building at 63-44 Saunders Street, Rego Park, Queens, NY 11374 ("the Office").

14. Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov arranged with Leo to begin relocating the Office in the early morning of June 12, 2012.

15. In the early morning of June 12, 2012, Mr. Kalontarov picked up Mr. Rubanov and Mr. Kalantarov in a van.

16. Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov met Leo at the Office at approximately 2:00 am.

17. Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov had keys to open the building and Leo opened the Office for Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov.

18. Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov began to load furniture into the van.

19. PO John Doe 1 and PO John Doe 2 then arrived at the Office.

20. PO John Doe 1 and PO John Doe 2 asked Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov what they were doing.

21. Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov explained to PO John Doe 1 and PO John Doe 2 that they were relocating the Office for Leo and Tony.

22. Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov showed PO John Doe 1 and PO John Doe 2 that they had keys for the building.

23. PO John Doe 1 and PO John Doe 2 then called Leo.

24. Leo arrived at the Office and spoke to PO John Doe 1 and PO John Doe 2.

25. Without any legal justification, PO John Doe 1 and PO John Doe 2 then arrested Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov.

26. Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov were taken to the 112th Precinct.

27. Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov were questioned for several hours by various detectives.

28. Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov were repeatedly asked if they were part of the Russian mafia or if they knew anything about drug and gun crime.

29. The detectives told Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov, in sum and substance, that they "would get rid of this case if you assist with inquiries into the Russian mafia.

30. Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov repeatedly informed the detectives that they had nothing to do with the Russian mafia and knew nothing about drug or gun crime.

31. At approximately 6:00 pm, Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov were taken to Queens Central Booking.

32. The Queens County District Attorneys Office declined to prosecute Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov.

33. At approximately 10:00 pm on June 12, 2012, Mr. Rubanov, Mr. Kalontarov and Mr. Kalantarov were released from Queens Central Booking.

34. Plaintiffs all feel frustrated by the events stemming from the incident on June 12, 2012, and are wary and fearful when they see NYPD officers.

35. Plaintiff's reputation in their community has been damaged as a result of the incident on June 12, 2012.

36. Plaintiffs take efforts to avoid police officers when in public.

37. Plaintiffs suffered following the incident and feel fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

38. Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

39. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights under color of law and are liable to plaintiffs under 42 USC 1983.

40. Defendants have deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiffs were falsely arrested by defendants.

41. Defendants unreasonably and unjustifiably confined plaintiffs.

42. Plaintiffs were aware of, and did not consent to, their confinement.

43. The confinement was not privileged.

44. Plaintiffs have been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

45. Plaintiffs demand a trial by jury.

WHEREFORE, plaintiffs respectfully request that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiffs in an amount to be determined by a jury, but at least equal to or exceeding the jurisdictional requirement for each plaintiff for each of plaintiffs' causes of action;

Awarding plaintiffs punitive damages in an amount to be determined by a jury;

Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         August 15, 2012                By: _____
                                        Duncan Peterson
                                        PetersonDelleCave LLP
                                        Attorney for Plaintiff
                                        233 Broadway, Suite 1800
                                        New York, NY 10279
                                        (212) 240-9075